CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 8 2009

JOHN F, CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR, | ) | Civil Action No. 7:09-cv-00091 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Hon. James C. Turk |
| VIRGINIA DEPT. OF | ) | Senior United States District Judge |
| CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed a civil

rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.

Barbour names the Virginia Department of Corrections ("VDOC") and the Wallens Ridege State

Prison ("WARSP") as defendants. Barbour complains that WARSP unconstitutionally bunks

two inmates in a cell. This matter is before the court for screening. After reviewing all of

Barbour's submissions, the court dismisses the complaint for failing to state a claim upon which

relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Liberally construing Barbour's complaint, he alleges that numerous provisions of the

United States Constitution bars WARSP from housing two inmates in a cell and keeping him in

his cell for long periods of time during lockdowns.[1] Barbour demands $220 for all the alleged

violations of bunking two inmates in a cell at WARSP.

II.

---

[1] Barbour literally complains that:
I find this House of Representative as to the full body of said [U.S.A.] to at full constitutional deprivations
at held rights guaranteed by the [U.S.] and its laws with note held to the only course to receive the house
you originated from or was a[n] inhabitant with is by medical occasion or said behavioral occupation other
th[a]n said two dimensions[.] [T]here is no state to your original house of occupancy, of said original state
before being rec[e]ived to this held State[.]
(Compl. 3.)

A.

The court is required to dismiss any action or claim filed by an inmate if the court

determines that the action or claim is frivolous or fails to state a claim on which relief can be

granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard

includes claims based upon "an indisputably meritless legal theory," or claims where the "factual

contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second

standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is

entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the

speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal

quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the

violation of a right secured by the Constitution or laws of the United States and must show that the

deprivation of that right was committed by a person acting under color of state law. West v. Atkins,

487 U.S. 42, 48 (1988). Although the court liberally construes pro se complaints, Gordon v. Leeke,

574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte

developing statutory and constitutional claims the inmate failed to clearly raise on the face of his

complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring);

Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

To state a cause of action under § 1983, a plaintiff must establish that he has been

deprived of rights guaranteed by the Constitution or laws of the United States and that this

deprivation resulted from conduct committed by a person acting under color of state law. West

v. Atkins, 487 U.S. 42, 48 (1988). Barbour fails to identify any "person" subject to suit in a

2

§ 1983 action. Furthermore, Barbour has not alleged any actual or threatened injury to give him standing to pursue the claim, nor has he alleged any physical injury to permit him to receive damages. See Burke v. City of Charleston, 139 F.3d 401, 405 (4th Cir. 1998); 42 U.S.C. § 1997e(e). Although he lists nearly every article and amendment in the United States Constitution, Barbour does not identify which constitutional right he seeks to asserts. See Beaudett, 775 F.2d at 1278 (stating a district court cannot be expected to construct full blown claims from sentence fragments). Barbour's complaint fails to state a claim under the Eighth Amendment because "only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement[.]" Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993) (stating Eight Amendment protects against cruel and unusual punishments, not prison conditions). Accordingly, the court dismisses the complaint for failing to state facts that give rise to any constitutional claim.

### III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _8th_ day of April, 2009.

_James 6 Jun_
Senior United States District Judge

3